## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERESITA EDWARDS, | Civil Action No.  8:12-cv-3761-DKC |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| GLORIA EDWARDS, | |
| and | |
| ALFRED EDWARDS, JR., | |
| Defendants. | |

## UNOPPOSED REQUEST TO INCREASE THE NUMBER OF DEPOSITION HOURS

Pursuant to Federal Rule of Civil Procedure 26(b)(2) and Local Rule 104, Plaintiff Teresita Edwards respectfully requests that this Court modify the Scheduling Order (Dkt. 24) to increase the number of fact witness deposition hours from twenty-five hours to seventy-five hours per side and to permit Plaintiff to take more than ten depositions.  During discovery, Defendants identified twenty-six individuals as being likely to have discoverable information that Defendants may use to support their claims or defenses, but in correspondence with Plaintiff, stated they are unable to identify which of those twenty-six individuals they will call at trial as witnesses.  Consequently, Plaintiff respectfully requests permission to conduct depositions of these individuals to discover what, if any, information they possess and to prepare for trial.

At the outset of this litigation, the parties agreed not to request any modifications to the limitation of twenty-five hours per side for fact witness depositions as set forth in the Court's Scheduling Order.  *See* Joint Initial Report (Dkt. 25).  On May 14, 2013, Plaintiff asked

Defendants to identify each fact witness that they intend to call at trial.  Ex. A.  On May 20,

2013, Defendants informed Plaintiff that they did not know who they would call at trial.  Ex. B.

On May 3, 2013, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories.

Interrogatory No. 1 requested that each Defendant "[i]dentify the name and, if known, the

address and telephone number of each individual likely to have discoverable information – along

with the subjects of that information – that [Defendants] may use to support [their] claims or

defenses." Ex. C.  On June 4, 2013, Defendants served their responses to Plaintiff's First Set of

Interrogatories and in response to Interrogatory No. 1, identified twenty-six individuals as being

likely to have discoverable information that Defendants may use to support their claims or

defenses.  Ex. D.

In response to a request by Plaintiff, on July 12, 2013 Defendants supplied Plaintiff with

additional information regarding the subject matter known to the enumerated individuals.  Ex. E.

Based on the information supplied by Defendants, Plaintiff has identified the following subset of

individuals from Defendants' list of potentially knowledgeable people who she would like to

depose, along with the subjects of their knowledge as identified by Defendants in their July 12,

2013 correspondence, with estimates for how long those depositions would take:

| Name | Subject of Knowledge | Deposition Hours Anticipated |
|---|---|---|
| Paulette S. Barrett | Ms. Barrett may have knowledge regarding the amount of time required to clean Defendants' home. | 3 |
| Sonia Brookins | Ms. Brookins may have knowledge regarding the complaints made by Plaintiff. | 3 |

2

| Name | Subject of Knowledge | Deposition Hours Anticipated |
|---|---|---|
| Lawrence Brown | Pastor Brown may knowledge regarding his relationship with Defendants. | 2 |
| Ronald Coleman | Mr. Coleman may have knowledge regarding Ms. Brookins. | 2 |
| Marion Dizon | Mr. Dizon [sic] may have knowledge regarding the complaints made by Plaintiff. | 3 |
| Laura Edwards | Ms. Edwards may have knowledge regarding her previous husband, David Edwards. | 2 |
| Julie Harris | Ms. Harris may have knowledge regarding Plaintiff, Defendants, and her relationship with them. | 2 |
| Kathy Harris | Ms. Harris may have knowledge regarding Plaintiff, Defendants, and her relationship with them. | 2 |
| Marietta Mendoza | Ms. Mendoza may have knowledge regarding the complaints made by Plaintiff. | 3 |
| Cassandra Nelson | Ms. Nelson may have knowledge regarding the complaints made by Plaintiff. | 3 |
| Lolita O'Donnell | Ms. O'Donnell | 3 |

| Name | Subject of Knowledge | Deposition Hours Anticipated |
|---|---|---|
| | may have knowledge regarding Plaintiff, Defendants, and her relationship with them. | |
| Melisa Oppenheim | Ms. Oppenheim may have knowledge regarding the complaints made by Plaintiff. | 3 |
| Jocelyn Razo | Ms. Razo may have knowledge regarding the complaints made by Plaintiff. | 3 |
| Edna Rilloraza | Ms. Rilloraza may have knowledge regarding Plaintiff, Defendants, and her relationship with them. | 2 |
| Luz Stock | Ms. Stock may have knowledge regarding Plaintiff, Defendants, and her relationship with them. | 2 |
| Mike Stock | Mr. Stock may have knowledge regarding Plaintiff, Defendants, and his relationship with them. | 2 |
| Anita Tafalla | Ms. Tafalla may have knowledge regarding Plaintiff, Defendants, and her relationship with them. | 4 |
| Evelyn Tafalla | Ms. Tafalla may have knowledge | 2 |

| Name | Subject of Knowledge | Deposition Hours Anticipated |
|---|---|---|
|  | regarding her relationship with Plaintiff, Defendants, and Plaintiffs duties within Defendants' home. |  |
| Gary Waynes | Mr. Waynes may have knowledge regarding Plaintiffs duties within Defendants' home. | 2 |
| Christine Williams | Ms. Williams may have knowledge regarding her relationship with Plaintiff. | 2 |
| Bruce Williams | Mr. Williams may have knowledge regarding his relationship with Plaintiff. | 2 |

Because Defendants are both currently incarcerated, Plaintiff lacks the ability to depose them early in the discovery period to probe their knowledge regarding the individuals enumerated in response to Plaintiff's Interrogatory No. 1 and to use that information to limit the number of depositions that Plaintiff seeks.

In addition to the depositions itemized above, Plaintiff anticipates deposing the two Defendants for seven hours each and three additional witnesses not identified by Defendants for three hours each.

At this point, Plaintiff has noticed the deposition of Defendant Gloria Edwards and has served or is in the process of serving subpoenas on Marion Dizon, Melisa Oppenheim, Jocelyn Razo, and Marietta Mendoza.  Per the Court's July 19, 2013 order granting the parties' joint

request to modify the scheduling order, Plaintiff anticipates deposing Defendant Alfred Edwards,

Jr. within ten days of his release from confinement at FCI Fairton, currently scheduled for

September 23, 2013.

Due to the large number of individuals identified by Defendants as likely to have

discoverable information and Plaintiff's need to learn the information known to those witnesses,

additional deposition hours are "reasonably necessary to afford a fair opportunity [for Plaintiff]

to develop and prepare the case."  Fed. R. Civ. P. 26 advisory committee's note; *see also In re*

*Coventry Healthcare, Inc., ERISA Litig.*, No. 09-CV-2661, 2013 WL 1187909, at *3 (D. Md.

Mar. 21, 2013) ("While the court may restrict the scope of [discovery], it 'must be careful not to

deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop

and prepare the case.'" (quoting Fed. R. Civ. P. 26 advisory committee's note)).

Accordingly, Plaintiff respectfully seeks to increase the number of fact witness deposition

hours set forth in the initial Scheduling Order from twenty-five hours to seventy-five hours per

side and to be permitted to take the depositions listed above.


Dated: July 31, 2013                        Respectfully Submitted,


                                  _____/s/_____
                                  James L. Quarles, Dist. of Md. Bar No. 11194
                                  Gregory H. Lantier, *Admitted pro hac vice*,
                                  Md. Bar No. 800074
                                  Stuart D. Allen, *Admitted pro hac vice*,
                                  Md. Bar No. 99285
                                  Brittany Amadi, *Admitted pro hac vice*,
                                  Md. Bar No. 99431
                                  Robert Arcamona, *Admitted pro hac vice*,
                                  Md. Bar No. 99284

Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel:  202-663-6000
Fax: 202-663-6363
Email: James.Quarles@wilmerhale.com
Email: Gregory.Lantier@wilmerhale.com
Email: Stuart.Allen@wilmerhale.com
Email: Brittany.Amadi@wilmerhale.com
Email: Robert.Arcamona@wilmerhale.com

*Attorneys for Plaintiff Teresita Edwards*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 104.7

Pursuant to Local Rule 104.7, I, Stuart D. Allen, counsel for Plaintiff, conferred by email with counsel for Defendants Gloria Edwards and Alfred Edwards, Jr., James E. McCollum, Jr., on June 17, 2013 regarding Plaintiff's need to modify the number of deposition hours in light of Defendants' responses to Interrogatory No. 1, which listed twenty-six individuals as being likely to have discoverable information that Defendants may use to support their claims or defenses.

On June 24, 2013, James E. McCollum, Jr., counsel for Defendants, corresponded with me by email and represented that Defendants did not intend to oppose a motion to raise the deposition limit to seventy-five hours per side.

On July 31, 2013, Amit Sharma, counsel for Defendants, corresponded with me by email and represented that Defendants do not oppose this request.


Dated: July 31, 2013                                     _____/s/_____
                                                                       Stuart D. Allen