**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TERESITA EDWARDS, | Civil Action No. 8:12-cv-3761-DKC |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| GLORIA EDWARDS, | |
| and | |
| ALFRED EDWARDS, JR., | |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ORDER
## FOR MENTAL EXAMINATION AND MODIFICATION OF SCHEDULING ORDER

Plaintiff Teresita Edwards ("Ms. Edwards") hereby responds to Defendants' Motion for

Order for Mental Examination and Modification of Scheduling Order. Ms. Edwards does not

oppose Defendants' request that she submit to an independent mental examination ("IME").

However, Ms. Edwards does oppose Defendants' motion to the extent it seeks to exclude from

the IME (1) Ms. Edwards's physician-expert and (2) a check interpreter. A party's right to have

his or her own physician attend a Rule 35 examination is well established in this District, and

Defendants identify no specific reason to deny Ms. Edwards that right here. To the contrary, the

special circumstances of this case favor participation by Ms. Edwards's physician-expert. A

check interpreter will help to ensure that both parties' examining physicians and Ms. Edwards

receive an accurate translation of the questions and answers.[1]  Thus, Defendants' motion to exclude Ms. Edwards's physician-expert and a check interpreter from the Rule 35 IME should be denied.

## ARGUMENT

### A.  The Court Should Deny Defendants' Motion to Exclude Ms. Edwards's Physician-Expert From the Examination

The long-standing rule in this District and others is that, during an IME pursuant to Rule 35, a party "may have his own physician present if he wishes to do so and communicates that wish to the doctor or the attorney for the other side."  *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595, 598 (D. Md. 1960) (C.J. Thomsen) ("I am authorized by Judge Chesnut and Judge Watkins to say that they concur in this opinion."); *see also Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir. 1974) ("the examined party will usually be permitted to have his or her own physician present"); *Lowe v. Phila. Newspapers, Inc.*, 101 F.R.D. 296, 299 (E.D. Pa. 1983) ("[P]laintiff may have a psychiatrist or other medical expert of her own choosing present during [the] examination."); *Klein v. Yellow Cab Co.*, 7 F.R.D. 169, 170 (N.D. Ohio 1944) (ordering the plaintiff to submit to an examination and permitting the plaintiff's physician of choice to attend the examination).

Defendants identify no specific reason to depart from that rule in this case.  Instead, they baldly assert that permitting Ms. Edwards's physician-expert to attend the examination would be

---

[1] Plaintiff also requested, and Defendants apparently do not object to, the following additional conditions: (1) no questions will be asked about Plaintiff's communications with counsel; (2) nothing Plaintiff says during the examination will be deemed a waiver of the attorney-client privilege; (3) counsel for Defendants will inform counsel for Plaintiff in advance of any recording they intend to make of the examination, and provide counsel for Plaintiff with an opportunity to consider objecting; (4) counsel for Defendants will not be present during the examination, unless counsel for Plaintiff is also permitted to attend; (5) counsel for Defendants will inform counsel for Plaintiff in advance of who will be present during the examination and provide counsel for Plaintiff with an opportunity to consider objecting to the presence of anyone other than Dr. Cephas and the interpreter; (6) no communications from the Defendants or their counsel will be relayed to Plaintiff; (7) Dr. Cephas should not make any statements or comments to the Plaintiff regarding his opinions; and (8) Plaintiff will receive a break at least once an hour as well as at any time that she requests one.

"intrusive on Dr. Cephas, would hinder Plaintiff's evaluation, and would lead to a biased evaluation." Defs' Mot. ¶ 12. Because Defendants do not contend that there are any facts specific to this case that distinguish it from *Dziwanoski* or the other decisions, their motion provides no basis for deviating from the decisions' well-established rule.

Moreover, Defendants' generalized assertions lack any legal basis. The first – that the presence of another physician would be "intrusive on Dr. Cephas" – finds no support in Rule 35 or the decisions applying that rule. There is no authority (and Defendants do not identify any) suggesting that Rule 35 serves to protect the examining physician. To the contrary, the decisions applying Rule 35 focus on the need to protect the examinee's privacy from undue intrusion. *See Ricks v. Abbott Laboratories*, 198 F.R.D. 647, 649 (D. Md. 2001) ("Any mental examination involves an intrusion upon the privacy of the subject. This is especially true where, as here, the psychiatrist performing the examination would report the results to an adverse party.") Thus, while the Court in *Dziwanoski* held that plaintiff's counsel should not be permitted to attend the IME because that would "would invade the province of the physician," it held that, as a rule, that a plaintiff's physician should be allowed to attend the IME. 26 F.R.D. at 598. Defendants' vague assertion that permitting Ms. Edwards's physician to attend the IME would be "intrusive" rings hollow.

Defendants' second contention – that the presence of another physician "would hinder Plaintiff's evaluation" – was also squarely rejected by *Dziwanoski* and the other decisions applying Rule 35. The defendant in *Dziwanowski* "object[ed] to the presence of the [plaintiff's] attorney on the grounds that it would hinder the examination and would make it more difficult, if not impossible, for him to obtain an accurate history from the plaintiff and valid reactions of the plaintiff to tests conducted by the doctor." *Id*. at 596. While the Court was persuaded that the

plaintiff's attorney should be excluded, it expressly held that "the examination by [defendant's doctors] be made without the presence of plaintiff's attorney, ***but with plaintiff's physician present***." *Id.* at 598-599 (emphasis added). Thus, Defendants' generalized argument that the presence of a plaintiff's physician during a Rule 35 IME would "hinder" the evaluation was long ago dismissed in this District.

Finally, Defendants' third assertion – that the presence of another physician "would lead to a biased evaluation" – similarly lacks merit. As *Dziwanoski* explains, "[t]he physician is an 'officer of the Court' performing a non-adversary duty. The best possible attitude for both the party and the examiner to adopt is one of co-operation in a joint search for the facts." *Id.* at 597. (citation omitted). Thus, there should be no "bias" in Dr. Cephas's evaluation, whether his examination is performed in the presence of another physician or not. Moreover, it is illogical to conclude that the presence of a second physician would cause Dr. Cephas's evaluation to be "biased." If anything, it should help to mitigate any bias and focus the evaluation solely on the relevant medical issues.

Thus, as Defendants have identified no reason to depart from *Dziwanoski*'s rule, the Court should reject their request to exclude Ms. Edwards's physician-expert from the Rule 35 IME.

Indeed, exclusion of Ms. Edwards's physician-expert would be particularly inappropriate under the circumstances of this case. Ms. Edwards speaks little English, lacks a formal education, and has a very limited understanding of the legal process. The Defendants trafficked Ms. Edwards, imprisoned her, and forced her to work as a domestic laborer for ten years. As a result, Ms. Edwards has difficulty trusting people and lives in constant fear that Defendants or their relatives and friends may retaliate against her. In light of this history, requiring Ms.

Edwards to undergo a 4-5 hour (Defs' Mot. ¶ 6) psychological examination by an expert and translator the Defendants are employing, without anyone else present, would be unnecessarily traumatizing and cruel. Ms. Edwards will have a legitimate (and understandable) fear of being left alone with two people who she cannot help but associate with the Defendants. Thus, there are special circumstances in this case which make the attendance of Ms. Edwards's own physician even more justified than in *Dziwanoski*.

Finally, Defendants' motion to exclude Ms. Edwards's physician-expert should be denied because it would unnecessarily complicate expert discovery. Defendants state that Dr. Cephas will conduct "a standard forensic psychiatric evaluation" of Ms. Edwards, as well as possibly administer the following psychological tests: Davidson Trauma Scale, Hamilton Rating Scale for Depression (HAM-D), the Diagnostic and Statistical Manual of Mental Disorders (DSM) IV and V Criteria for PTSD, the Mini-Mental State Examination (MMSE), the Mental Status Examination (MSE), the Minnesota Multiphasic Personality Inventory (MMPI), and the Beck Depression Scale. Defs' Mot. ¶¶ 4, 5. Permitting Ms. Edwards's physician-expert to be present at the examination will enable him or her to offer opinions based on observation of the same tests. It will further enable him or her to rebut Dr. Cephas's opinions based on the manner in which he administered those tests.[2]

### B. The Court Should Deny Defendants' Motion to Exclude A Check Interpreter From the Examination

Plaintiff has only a rudimentary understanding of English and thus requires a Tagalog interpreter. Again, without providing any reason specific to the facts of this case, Defendants move to exclude a check interpreter from the IME.

---

[2] Florence Burke, who submitted an expert report on behalf of Ms. Edwards on July 8, 2013, is not a physician.

Defendants' objection to a check interpreter is unfounded. Check interpreters are routinely used in depositions to ensure the accuracy of translations. *See*, *e.g.*, *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., Ltd.*, 668 F.3d 677, 690 (9th Cir. 2012). The accuracy of the interpretation of Dr. Cephas's questions and Ms. Edwards's responses are even more important here, where there will be no permanent record of the IME, and therefore no way to later correct an inaccurate translation made during the examination. Further, particularly given that Defendants have not identified the name or association of the interpreter that they intend to retain, or whether the interpreter is court-certified, defendant cannot legitimately object to the presence of Plaintiff's check interpreter. Because they have not articulated any reasoned basis for excluding a check interpreter, Defendants' request should be denied.

## <u>CONCLUSION</u>

For the reasons set forth above, Ms. Edwards respectfully requests that the Court deny Defendants' requests to exclude Ms. Edwards physician-expert and a check interpreter from the IME.

Dated: August 6, 2013                    Respectfully Submitted,


                         _____/s/_____
                         James L. Quarles, Dist. of Md. Bar No. 11194
                         Gregory H. Lantier, *Admitted pro hac vice*,
                         Md. Bar No. 800074
                         Stuart D. Allen, *Admitted pro hac vice*,
                         Md. Bar No. 99285
                         Brittany Amadi, *Admitted pro hac vice*,
                         Md. Bar No. 99431
                         Robert Arcamona, *Admitted pro hac vice*,
                         Md. Bar No. 99284
                         Wilmer Cutler Pickering Hale and Dorr LLP
                         1875 Pennsylvania Avenue, NW
                         Washington, DC 20006
                         Tel:  202-663-6000
                         Fax: 202-663-6363

Email: James.Quarles@wilmerhale.com
Email: Gregory.Lantier@wilmerhale.com
Email: Stuart.Allen@wilmerhale.com
Email: Brittany.Amadi@wilmerhale.com
Email: Robert.Arcamona@wilmerhale.com

*Attorneys for Plaintiff Teresita Edwards*