IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERESITA EDWARDS                   :

                                    :

   v.                              :   Civil Action No. DKC 12-3761

                                    :

ALFRED EDWARDS, et al.             :

**MEMORANDUM OPINION**

Presently pending and ready for review in this case is a motion for entry of a protective order filed by Plaintiff, (ECF No. 36), to which Defendants opposed, (ECF No. 40) and Plaintiff replied (ECF No. 41).  For the reasons that follow, the motion for entry of a protective order will be granted.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  A party moving for a protective order bears the burden of establishing good cause. *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D.Md. 2012). In so doing, "a proponent may not rely upon stereotyped and conclusory statements, but must present a particular and specific demonstration of fact as to why a protective order should issue."  *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D.Md. 2006).  "Courts have consistently granted protective

orders that prevent disclosure of many types of information." *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 140 (D.Md. 2011) (quotations omitted). Indeed, under Rule 26(c), courts have "broad authority to limit discovery and prescribe alternative discovery mechanisms." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D.Md. 2009).

Plaintiff's proposed protective order is similar to the standard form with one exception: it adds a category of documents designated "ATTORNEYS EYES ONLY," in addition to the usual "CONFIDENTIAL." Documents may be designated "ATTORNEY EYES ONLY" "upon making a good faith determination that the documents contain information protected by disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party." (ECF No. 36-2, at 4). Such documents may not be disclosed to the parties themselves.

In the instant matter, Plaintiff's arguments are sufficient to meet the burden for entry of a protective order. Plaintiff alleges that Defendants trafficked her from her native Philippines to the United States, where they enslaved her as their housekeeper for a decade. (*See generally* ECF No. 13). In

2

a criminal case arising out of the same set of allegations, Defendants each pled guilty to Harboring an Alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).  (*See United States v. Edwards*, 11-cr-316-DKC).  Both Defendants admitted that they obtained a visa for Plaintiff under false pretenses and took steps to fraudulently obtain permanent resident status for her, including arranging a sham marriage to a United States citizen. (ECF No. 41-1).  As part of the judgment, the court ordered that Defendants "not have any contact with [Plaintiff] or any relative of [Plaintiff], either directly or indirectly," nor were Defendants to "use or direct any third party to contact [Plaintiff] or her relatives in any country."  Additionally, the Defendants were ordered not to, either on their own or through any third party, "file or pursue any baseless or harassing lawsuit or baseless or harassing legal claim against [Plaintiff] or her family in any country or try to recoup any restitution ordered by this court or by filing suit in any country."  (11-cr-316-DKC, ECF Nos. 89 and 91, at 4).

Plaintiff submits that Defendants have served document requests on Plaintiff that call for documents containing Plaintiff's "personal contact information, Alien File, Alien Number (I-94 Number), Social Security number, Philippine passport number, tax returns, and banking information."  (ECF No. 36, at 2).  Plaintiff represents that they will produce

3

these documents, but seeks a protective order to "limit access of some documents to Defendants' counsel, experts, and Court personnel, and to prevent Defendants from using any information they obtain from review of other documents for purposes other than defending against the allegations in this litigation." (*Id.*). According to Plaintiff, good cause is present here because Plaintiff is fearful that allowing Defendants access to her personal information could facilitate retaliation against Plaintiff by Defendants as evidenced by the crime for which Defendants were convicted, the allegations of abuse spelled out in the complaint, and the past actions of Defendants.

Plaintiff has sufficiently demonstrated the requisite "good cause." Her fear of reprisal or harassment is not unfounded, as just prior to their criminal sentencing Defendants filed a lawsuit in the Philippines requesting that Plaintiff's Philippine passport be canceled and she be deported from the United States. (ECF No. 41, at 2). Furthermore, Plaintiff's proposed universe of personal and confidential information is modest and will only be kept from Defendants. Defendants' counsel remains free to view these documents in full and utilize them to mount their defense.

Defendants, in opposition, do not oppose the entry of a protective order as contained in Appendix D of this court's Local Rules, but do object to Plaintiff's proposed "ATTORNEY'S

4

EYES ONLY" designation for a number of reasons, each of which is unavailing. First, Defendants argue that Plaintiff has failed to identify any "trade secret or other highly sensitive business or personal information" deserving of an "ATTORNEYS EYES ONLY" designation. This is not so, as Plaintiff has identified sensitive personal information, namely her address, Social Security Number, and I-94 number which could be abused if given to the wrong person. The circumstances of this case and the demonstrated risk of retaliation or harassment presented by Defendants makes Plaintiff's information especially sensitive. Next, Defendants minimize the risk they pose as they are currently incarcerated (as of the filing of their brief on August 19, 2013). To the extent that one poses less of a risk of retaliation when one is incarcerated, such a status is temporary, as Alfred Edwards, Jr. has been released from prison while Gloria Edwards will soon be. Third, Defendants contend that a protective order is duplicative, as they are already under court order not to contact Plaintiff or her relatives either directly or indirectly. To now provide them the means to make such contacts is unnecessary, especially where, as here, Defendants' counsel remain free to use the sensitive information to help aid Defendants' legitimate interest in defending themselves. Therefore, Plaintiff's motion for a protective order will be granted with the "ATTORNEYS EYES ONLY" designation.

Defendants also argue that Plaintiff's proposed protective order is unnecessarily complex and inappropriate for the issues in this lawsuit. An independent review of the proposed protective order leads to the same conclusion. Therefore, counsel will confer and submit a protective order modeled after that found in Appendix D to the Local Rules. A separate order will follow.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge