IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERESITA EDWARDS                :

    v.                          :    Civil Action No. DKC 12-3761

ALFRED EDWARDS, et al.          :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for review in this case is a motion to reopen discovery filed by Plaintiff (ECF No. 54). Defendants filed an opposition (ECF No. 58), and Plaintiff filed a reply (ECF No. 59). For the reasons that follow, the motion to reopen discovery will be granted in part.

Plaintiff claims that Defendants violated numerous federal and state laws by forcing her into involuntary servitude as Defendants' housekeeper for approximately ten years. Plaintiff represents that at 4:40 p.m. on November 25, 2013 – the last day of discovery – Defendants delivered a new set of documents responsive to Plaintiff's May 2013 document requests. This delivery was made after Plaintiff submitted a joint status report earlier that day representing to the court that discovery had concluded.

Plaintiff deposed Defendant Gloria Edwards on August 22 and November 14, 2013, and Defendant Alfred Edwards, Jr. on October

1, 2013. Defendants never notified Plaintiff that these documents would be arriving. Plaintiff avers that if she had been made aware of this additional production, she would not have affirmed that discovery was complete and may have postponed Ms. Edwards's November 14, 2013 deposition.

Of the 127 pages produced, Plaintiff points to three documents as prejudicial. First, Defendants produced an email from Luz Stock, Defendant Gloria Edwards's sister, to Gloria dated March 14, 2010. Ms. Stock recounted that every time she visited the Edwards, Plaintiff was in good spirits and treated well. Ms. Stock states that in July 2009, she told Plaintiff that her sister (Gloria) had told her that in the event something should happen to Defendants while they are on a trip to Israel, she should ensure that Plaintiff receives $200,000. (ECF No. 54-6, at 13). Second, Defendants produced an unsigned, unsworn affidavit by Ms. Roberta Batac Ben-Naim, a friend of Defendants who hosted them in Israel ("Ben-Naim Affidavit"). Similar to the statements of Ms. Stock, Ms. Ben-Naim observed only positive interactions between Plaintiff and Defendants. (*Id.* at 14-15). Plaintiff states that Ms. Ben-Naim was not previously known to her. Finally, Defendants produced a document that appears to be a timeline of selected actions of Plaintiff. (*Id.* at 2-11). Plaintiff speculates that this could be "the book" Gloria referred to in her deposition as the

document where she records all her trips. (ECF No. 54-9, at 4, Trans. 110:2-16).

Plaintiff argues that she has been prejudiced by this late production because she did not have the opportunity to ask Defendants during their depositions about the information contained, or the allegations disclosed, in the documents. The information concerns payments made by Defendants to Plaintiff for services performed, and the Plaintiff's living conditions, both central issues in this case. Additionally, Plaintiff contends that Defendants are the only ones available who could authenticate these documents and speak to their creation. Consequently, Plaintiff requests that discovery be reopened to allow her to redepose Defendants for an additional three hours each. Plaintiff also requests that the depositions occur at Defendants' expense.

Defendants, in opposition, do not explain the last-minute delivery, except to point out that they have consistently provided responsive documents, in excess of 2,000 pages. They focus their argument on whether the three documents Plaintiff cites justify redeposing Defendants. As to the email from Ms. Stock, Defendants argue that Ms. Stock was identified as a potential witness on June 4, 2013; Plaintiff did not depose Ms. Stock during discovery; Ms. Stock – not Gloria – is the only person who can authenticate the email; and that Alfred Edwards

already discussed this arrangement in his deposition. (*See* ECF No. 58-2). As to the Ben-Naim Affidavit, Defendants argue that it would be futile to depose them about this document, because they did not prepare it and any testimony about the conversations would be hearsay. Finally, in regard to the timeline, they only state that Gloria referenced this timeline in her deposition.

Plaintiff replies that Ms. Stock's email creates a discrepancy with both Defendants' depositions, because they each responded that they knew of no documentation indicating that Plaintiff would receive any money should they die. With regard to the Ben-Naim Affidavit, Plaintiff argues that she is entitled to know who authored the affidavit, whether Defendants had any influence on the substance, and whether they think there are any inaccuracies.

Before reaching the merits of Plaintiff's motion, it is necessary first to address Defendants' additional argument that Plaintiff has failed to comply with Local Rule 104.7 concerning discovery disputes. Local Rule 104.7 requires counsel to confer with one another and attempt to resolve their differences before coming to court. Additionally, the moving party must file a certificate reciting the date, time, and place of the conference, and the names of those that participated, or counsel's attempt to hold such a conference without success; and

an itemization of the issues requiring resolution by the court. Defendant contends that Plaintiff did not request a discovery conference, nor did Plaintiff point to any document in her correspondence with Defendants that she believes justify reopening discovery. Additionally, Plaintiff did not outline the parameters of her proposal in her correspondence with Defendants.

Defendants' arguments will be rejected. Plaintiff includes, as part of her motion, correspondence between the parties' counsel. On November 27, 2013, Plaintiff's counsel sent his counterpart a letter via email presenting his view that the late-produced documents are relevant to the parties' claims and defenses and should have been produced in advance of the depositions. He requested that Defendants' consent to reopen the depositions of Defendants to inquire about these documents and stated that if Defendants' counsel does not consent, he would file a motion seeking the same. (ECF No. 54-7). On December 4, 2013, Plaintiff's counsel wrote an email to Defendants' counsel, requesting a response from Defendants and offering to discuss by telephone. Defendants' counsel responded the next day and indicated that they will not stipulate to the depositions of Defendants. (ECF No. 54-8). These efforts satisfy Local Rule 104.7.

The issues of reopening discovery and redeposing Defendants lie within the discretion of the court. *Vodrey v. Golden*, 864 F.2d 28, 32 (4th Cir. 1988). To reopen discovery, Plaintiff must satisfy the good cause standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure. The primary consideration of the court in addressing whether "good cause" has been shown under Rule 16(b) relates to the movant's diligence. *Montgomery v. Anne Arundel Cnty., Md.*, 182 F.App'x 156, 162 (4th Cir. 2006) (per curiam). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W.Va.1995). In terms of redepositions, Rule 30(d) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

Plaintiff has met these standards in terms of the timeline and the Ben-Naim Affidavit. Gloria Edwards, in her deposition, alluded to "the book" which kept a log of all the trips she

6

took. Plaintiff's counsel told Gloria that they had asked for that document, but she thought she had not given it to her lawyer. (ECF No. 54-9, at 4, Trans. 110:2-16). The Advisory Committee contemplated this scenario as one reason justifying extending depositions. Fed.R.Civ.P. 30(d) advisory committee's note (2000) ("If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred."). Plaintiff made her document requests in May 2013 and there is no indication she was not diligent in attempting to obtain all relevant documents from Defendants. She contacted Defendants two days after the documents were delivered and filed her motion four days after learning that Defendants would not consent to reopening discovery. Other courts have reopened discovery and permitted redepositions under similar circumstances. *See, e.g., Eckhardt v. Bank of Am., N.A.*, Civil No. 3:06CV512-H, 2008 WL 1995310, at *8 (W.D.N.C. May 6, 2008). Similarly, Plaintiff will be allowed to inquire about Ms. Ben-Naim's affidavit. Ms. Ben-Naim was not identified as a potential witness by Defendants and her observations regarding Defendants' treatment of Plaintiff and Plaintiff's general disposition are relevant to the claims at issue. The last-minute delivery of these documents was prejudicial to Plaintiff and will be remedied by reopening discovery for the purpose of deposing Defendants on these

7

matters.  Additionally, Defendants shall bear the reasonable costs of these depositions, including Plaintiff's reasonable attorney's fees.

Ms. Stock, however, was listed as a potential witness by Defendants and Plaintiff chose not to depose her.  In Alfred Edwards's deposition, he testifies that his wife discussed the arrangement recounted in this email with Ms. Stock.  While he stated that he did not have any documentation of this arrangement, he did state that Ms. Stock can testify to it. (ECF No. 58-2, at 5-6, Trans. 99:5 – 100:19).  Plaintiff could have deposed Ms. Stock.

Accordingly, it is this 18th day of April, 2014, by the United States District Court for the District of Maryland hereby ORDERED that:

1.  Plaintiff's motion to reopen discovery and Defendants' depositions (ECF No. 54) BE, and the same hereby IS, GRANTED;

2.  Discovery will be reopened for forty-five (45) days from the date of this Order for the sole purpose of redeposing Defendants;

3.  Plaintiff will be permitted to redepose each Defendant for a maximum of two (2) additional hours;

4.  The depositions will be limited to the timeline and Ms. Ben-Naim's affidavit produced by Defendants to Plaintiff on November 25, 2013 (ECF No. 54-6, at 2-12, 14-15), their

contents, the subjects discussed therein, and any related topics;

     5.   The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge